L. H. MADDOX v. THE STATE.

No. 2189.   Decided February 13, 1901.

Local Option—Indictment.

An indictment for a violation of local option, to be sufficient, must charge that defendant sold the liquor within the local option territory.

APPEAL from the County Court of Erath.   Tried below before Hon. L. N. FRANK, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

Defendant made a motion in arrest of judgment based upon the insufficiency of the indictment.

No statement necessary.

*W. J. & Eli Oxford* and *Ben Palmer,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.   The indictment charges that an election was held in precinct number 2 of Erath County, which resulted in favor of local option, "and thereafter, and anterior to the presentment of this indictment, to wit, on or about the 16th day of October, A. D. 1899, L. H. Maddox did unlawfully sell to J. H. Cook one drink of whisky, in violation of said law, against the peace and dignity of the State."   This indictment is attacked because it fails to charge that appellant sold the whisky within the prohibited bounds; that is, within the confines of said precinct number 2.   The point is well taken.   Before an indictment charging this offense is valid, it must allege the sale of the intoxicants occurred within the local option territory.   The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*